

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| LEON BROWN, JR. § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:13-1459-MGL-JDA |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING THE DEFENDANT'S DECISION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB). Plaintiff is represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 25, 2014, Plaintiff filed his objections on August 11, 2014, and Defendant filed her reply on August 27, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff contends that his disability commenced on August 8, 2010. The Administrate Law Judge (ALJ) denied his claim, and the Appeals Council declined Plaintiff's request for review–thus making the ALJ's denial of the claim Defendant's final decision for purposes of judicial review. As noted above, the Magistrate Judge recommends that the Court affirm Defendant's final decision. The Court will now consider Plaintiff's objections in turn.

First, Plaintiff objects to the Magistrate Judge's determination that the ALJ was correct in concluding that Plaintiff was able to return to his past work as a dispatcher. "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). The Social Security regulations define substantial gainful activity as follows:

> Substantial gainful activity is work activity that is both substantial and gainful:
> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572.

In Plaintiff's sworn testimony before the ALJ, he testified that he worked as a dispatcher for approximately one year until he was approved for disability from his federal job on or about August 9. 2010.  Transcript 42-43, 64.  But then, in a letter dated December 12, 2011, which Plaintiff submitted to the ALJ after his administrative hearing, he asserted in an unsworn statement that he "was assisting the dispatcher in some areas of the[ir] job.  I did not [or] could not perform the full duties as a dispatcher.  All I did was assist them in keeping the log up to date on vehicle outbound, return[,] and putting some of the following week runs scheduled plus assigned driver into computer."  Transcript 286.

Plaintiff argues that the ALJ "failed to consider [Plaintiff's] statements that he was simply assisting another dispatcher and that he never actually performed the job of dispatcher."  Objections 1.  And, according to Plaintiff, "[t]he Magistrate Judge merely reiterates the ALJ's decision that [Plaintiff] performed work as a dispatcher without providing an explanation as to how the ALJ complied with SSR 82-62, which requires the ALJ to provide a careful appraisal of the claimant's past work."  *Id*. at 2.  The Court is unpersuaded.

The ALJ made the following determination on the issue of Plaintiff's past work:

> The vocational expert testified that the claimant has past work as a dispatcher (SVP 5, sedentary).  I find that the claimant performed this work within 15 years prior to the time of adjudication of the claim, performed such work at substantial gainful activity levels, and performed such work for a time period sufficient to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation.  Although claimant submitted a statement after the hearing that he did not perform "the full duties," he described doing the work of a dispatcher for one year at the hearing.  I note that the vocational expert described the specific vocational preparation (SVP) for this job as "5", meaning the job takes over 6 months up to and including one year to learn.  Consequently, I find this job is past relevant work.

> The vocational expert testified that given the above residual capacity[,] the claimant would be able to perform past relevant work as a dispatcher. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant was able to perform it as actually and generally performed.

Transcript 25 (citation omitted). Thus, in looking at this claim, it is clear that the ALJ considered Plaintiff's statement that he did not perform all of the duties of a dispatcher at his former place of work. It appears that, when confronted with two pieces of conflicting evidence–Plaintiff's sworn testimony that he worked as a dispatcher and his unsworn statement that he did not–the ALJ chose to believe the former. The Court finds this to be a reasonable determination.

But, even assuming there is no contrary evidence, Plaintiff seems to suggest that, because he did not previously perform all of the duties of a dispatcher, he will be found to be disabled. But, that is simply not the law. If the ALJ finds a claimant can carry out the job as generally performed within the national economy, he is not disabled under the regulations. SSR 82-61. As noted above, the ALJ found "that the claimant was able to perform [the job of a dispatcher] as actually and generally performed." *Id*.

Moreover, although not dispositive, the Court notes that Plaintiff's earnings record reflects that he obtained wages of $33,479.40 during 2010, the relevant calendar year. Transcript 162. One who is earning more than a certain amount, as predetermined by the Social Security Administration, is normally thought to be engaging in substantial gainful activity. That amount was $12,000 per year for 2010, Social Security: Official Social Security Website, www.ssa.gov/OACT/COLA/sga.html (last visited Sept. 16, 2014). Consequently, the fact that Plaintiff received $33,479.40 in wages in

4

2010–well over the $12,000 specified by the Social Security Administration–suggests that Plaintiff was engaging in substantial gainful activity at the time of his alleged disability.

For these reasons, the Court is unable to agree with Plaintiff's argument that the Magistrate Judge erred in concluding that there was substantial evidence to support the ALJ's determination that Plaintiff was able to return to his past work as a dispatcher. There is substantial evidence to support the ALJ's conclusion, and the decision is a reasonable one. Therefore, the Court overrules this objection.

Related to his first objection, Plaintiff also objects that there is no analysis either by the ALJ or the Magistrate Judge as to whether the job that Plaintiff occupied after his injury "constituted a 'sheltered work' or 'special environment' situation that is not commiserate with work as it is generally performed, and therefore should not have been evaluated as past relevant work." Objections 2. The Court is unconvinced.

The regulations make clear that "work done under special conditions may show that [a claimant has] the necessary skills and ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573. In light of the discussion above, the ALJ and the Magistrate Judge evidently concluded that the work that Plaintiff performed amounted "to work at the substantial gainful activity level," *id*., and the Court declines to disturb that determination. Thus, the Court overrules this objection, too.

Plaintiff next objects to the Magistrate Judge's conclusion that Plaintiff did not previously apply for federal disability based on problems with his legs. But, what Plaintiff actually appears to be arguing is that, when preparing the Report, the Magistrate Judge failed to consider his alleged

problems with pain and swelling in his ankles in the months leading up to his alleged purported onset date in 2010.  The Court disagrees.

As a preliminary matter, Plaintiff is correct that he testified at his hearing that he "put in for sleep [apnea], pain in the back[,] legs, arthritis, [and] kidney disease." Transcript 42.  But, he also testified that he wore compression stockings, which helped with the swelling in his legs and allowed him to continue his job as a dispatcher.  *Id*. 42-43.  The Magistrate Judge referred to similar testimony in her Report: "Plaintiff testified that when he sits using the compression stockings, he has some swelling but it is not severe and that the swelling does not bother him when he gets up." Report 27-28 (citing Transcript 59-60).  Accordingly, inasmuch as Plaintiff complains that the Magistrate Judge neglected to consider his problems with pain and swelling in his ankles, that objection is also overruled.

To the extent, however, that Plaintiff still wishes to assign any significance to the Magistrate Judge's having not listed his problems with his legs as one of the bases for his having previously applied for federal disability, the Court will not be swayed.  Again, both the ALJ and the Magistrate Judge considered Plaintiff's complaints about his legs, but did not find the alleged problems to render him disabled–as that term is defined by the Social Security Act and its enabling regulations.  The decision is a reasonable one and there is substantial evidence to support it.  Therefore, the objection is overruled on this ground, as well.

Plaintiff further objects to the Magistrate Judge's determination that, "[e]ven if the ALJ erred in finding Plaintiff's sleep apnea non-severe . . . , the error was harmless." Report 21 n.7.  The Court is unpersuaded.

6

First, in determining that Plaintiff's sleep apnea was non-severe, the ALJ stated the following:

> While the claimant has . . . been treated for obstructive sleep apnea (OSA), there are no significant limitations for this additional impairment. Progress notes from April 2011 indicate that the claimant has restorative sleep. He denied daytime hypersomnia and fatigue, and reported improvement in his daytime functional status whenever he uses his CPAP. It was also noted that the claimant did not have symptoms of narcolepsy. Moreover, the claimant testified at the hearing that he did not have difficulty sleeping. While the claimant may have some mild limitations in concentration, persistence and pace due to OSA, I do not assess this to be a severe impairment, as it is only a slight abnormality and has no more than a minimal effect on the claimant's ability to perform work-related activity.

Transcript 20 (citation omitted). As Plaintiff noted, however, in a case such as his "[w]hen a claimant suffers from multiple impairments, the ALJ must consider their combined effect in determining whether the claimant is disabled." Objections 4. Obviously aware of that requirement, the ALJ stated that he had "considered the combined effects of the claimant's impairments, both severe and nonsevere, and has determined that the findings related to them are not at least equal in severity to those described in any listings." Transcript 21. "In this regard," the ALJ stated, he had "specifically considered the cumulative effects of the impairments on the claimant's ability to work. *See Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989)." Transcript 21.

Second, the ALJ then went on to note that he recognized Plaintiff's sleep related impairment in the Residual Functional Capacity (RFC) assessment. For instance, the ALJ noted that Plaintiff "stated that he . . . has sleep apnea." *Id.* at 22. The ALJ also observed that Plaintiff testified that he "use[d] his CPAP machine for a couple of hours then take[s] it off because he is claustrophobic. He said that he was changed to a BPAP machine." *Id.* The ALJ also mentioned that Plaintiff "stated that he experiences fatigue and naps a few times a day. He said that he does not drive because he would

probably fall asleep. However, he denied difficulty sleeping at night." *Id*. In the Report, the Magistrate Judge found the decision of the ALJ to be reasonable "that if Plaintiff is sleeping well at night (as he testified), [then] tiredness during the day should not be as limiting as described." Report 27.

Given the evidence presented, as well as the ALJ's conclusion that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC] assessment," *id*. at 23, the Court is of the opinion that the ALJ considered the limitations and restrictions resulting from Plaintiff's sleep apnea. As such, the Court cannot agree that the Magistrate Judge erred in suggesting that "[e]ven if the ALJ erred in finding Plaintiff's sleep apnea non-severe . . . , the error was harmless." Report 21 n.7. Therefore, the Court will overrule this objection.

Finally, Plaintiff objects to the Magistrate Judge's statement that Plaintiff is asking the Court to reweigh the evidence in regards to his alleged problems with his legs. According to Plaintiff, he is not asking the Court to reweigh the evidence but instead to consider all of the evidence. Specifically, Plaintiff maintains that the ALJ ignored evidence that he was instructed to elevate his legs. The Court disagrees.

The instructions for Plaintiff to elevate his legs were made on August 30, 2010, Transcript 319, and September 3, 2010, *id*. at 302-04. From the Court's de novo review of Plaintiff's medical records, it appears that he was instructed to "add compression hose" on September 9, 2010 Transcript 295. Given the additional notation that "[patient] didn't start these yet," *id*., there is an

8

implication that he was earlier instructed to wear the compression hose but had not done so. The Court's decision, however, does not rely in any way on that implication.

As the Court has already commented, at the time of his administrative hearing, Plaintiff attested that he wore compression stockings that helped with the swelling in his legs and allowed him to continue his job as a dispatcher. *Id*. 42-43. "Plaintiff testified that when he sits using the compression stockings, he has some swelling but it is not severe and that the swelling does not bother him when he gets up." Report 27-28 (citing Transcript 59-60). The ALJ mentioned in his decision that, "[i]n September 2010, the claimant reported continued edema but stated that he had not yet started wearing the compression hose." *Id*. at 24 (citation omitted). The ALJ also noted that "[t]he claimant . . . testified that because of swelling and pain in his legs he wears compression stockings daily." Transcript 22.

The Court is unconvinced that the Magistrate Judge and the ALJ ignored the evidence that Plaintiff had been instructed to elevate his legs. Instead, it evidently appeared to them–as it does to this Court–that, as is implicit in Plaintiff's testimony, the compression hose took care of the swelling in Plaintiff's legs such that he was able to perform his job as a dispatcher. Even if they did ignore the evidence, however, given the substantial evidence that the compression stockings took care of the swelling such that Plaintiff was able to perform his past work as a dispatcher, the error is harmless. Thus, the Court overrules this objection.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled from August 8, 2010, to the time of the ALJ's decision denying his request

for DIB. And, the determination is reasonable. Therefore, the Court will affirm the Defendant's final decision denying Plaintiff's claim.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 16th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE